DAVID E. MASTAGNI, Esq. (SBN 204244)
davidm@mastagni.com
TAYLOR DAVIES-MAHAFFEY, Esq. (SBN 327673)
tdavies-mahaffey@mastagni.com
CHERYL CARLSON, Esq. (SBN 118102)
ccarlson@mastagni.com
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile:  (916) 447-4614

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARAD PATEL,<br><br>　　　　Plaintiffs,<br>　　vs.<br><br>N C LODGING INC., DBA MOTEL 6,<br>BANKIM PATEL, HEMMA PATEL,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1.　**Violations of the Fair Labor Standards Act – Failure to Pay Minimum Wages (29 U.S.C. § 206);**<br>2.　**Violations of the Fair Labor Standards Act – Failure to Pay All Overtime Earned (29 U.S.C. § 201, *et seq.*);**<br>3.　**Failure to Pay Minimum Wage (Cal. Labor Code §§ 1182.12, 1197, Wage Order 5, §4(B))**<br>4.　**Failure to Pay Overtime (Cal. Labor Code §§ 510, 1194, Wage Order No. 5 § 3(A);**<br>5.　**Failure to Provide Meal Periods and Rest Breaks (Cal. Labor Code §§ 226.7, 512, Wage Order 5 §§ 11, 12);**<br>6.　**Failure to Timely Pay Full Wages When Due (Labor Code §§ 204, 210);**<br>7.　**Failure to Maintain Required Records (Cal. Labor Code §§226, 1174, 1194.5,1198, 1198.5; IWC Wage Order No. 5 § 7(A) & (C)],**<br>8.　**Failure to Furnish Accurate Itemized Wage Statements (Cal. Labor Code §§204, 226, 226.3; IWC Wage Order** |

COMPLAINT                                                     *Patel v. N C Lodging, et. al.*

No. 5)

9.  **Private Attorneys General Act Claim for Violation of Cal. Labor Code Provisions (Cal. Labor Code § 2698 *et seq.*)**

10. **Unfair Business Practices (Cal. Bus. & Prof. §§ 17200, *et seq.*)**

11. **Declaratory Relief (28 U.S.C. §§ 2201 *et seq.* and Cal. Code of Civil Procedure §§ 1060 *et seq.*)**

**Demand for Jury Trial**

## INTRODUCTION

1.      This action seeks unpaid overtime wages, liquidated damages, minimum wages, meal and rest period wages, failure to timely pay all wages when due, unlawful withholding of wages pursuant to statute, inaccurate wage statements, unfair business practices, declaratory relief, damages and other penalties, interest thereon, and reasonable attorney fees and costs, under, *inter alia*, the Fair Labor Standards Act [hereinafter "FLSA"] 29 U.S.C. sections 201, *et seq.* and California law.

2.      SHARAD PATEL ("Plaintiff") brings this action against N C LODGING INC., dba MOTEL 6, AND BANKIM PATEL and HEMMA PATEL, [hereinafter "Defendants"] seeking relief due to Defendants' unlawful and unfair practices against him.

## PARTIES

3.      SHARAD PATEL [hereinafter "Plaintiff"] is a natural person who is, and at all relevant times was, a resident of the State of California. At all times relevant hereto, Plaintiff was employed by Defendants in a non-exempt position at their motel located in Anderson, California; County of Shasta, California within the Eastern District of California. Plaintiff brings this action against Defendants as a result of Defendants' failure to properly compensate Plaintiff for hours worked within the four years prior to filing this action.

4.      Upon information and belief, Defendant, N C LODGING INC., DBA MOTEL 6, is, and at

2

all times relevant herein was, a corporation organized under the laws of the State of California, with its corporate headquarters located 9162 Cedar Ridge Drive, Granite Bay, California. Defendants employ or have employed, at least fourteen (14) individuals in non-exempt positions related to its motel located in Anderson, California during the applicable statutory time periods stated herein. Defendants are in the business of renting motel rooms to individuals and entities in the State of California and are Plaintiff's "employer" pursuant to California law.

5.     BANKIM PATEL and HEMMA PATEL are natural persons who are husband and wife and at all relevant times, they were Co-Presidents and majority shareholders of N C LODGING INC. dba MOTEL 6. BANKIM PATEL and HEMMA PATEL are also Plaintiff's "employer" pursuant to California law during the applicable statutory time periods state herein. BANKIM PATEL and HEMMA PATEL make all the financial decisions and set the wage rates for the motel corporation Defendant.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. section 1331 and section 216(b) of the FLSA. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. section 216(b).

7.     This Court has supplemental jurisdiction over the California law claims alleged in this action pursuant to 28 U.S.C. section 1367 because they form part of the same case or controversy as the aforementioned claims.

8.     The United States District Court for the Eastern District of California has personal jurisdiction over Defendants because they do business in California and within this District, and because the acts as described herein giving rise to this action occurred in this State and within this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) & (c) because all of the events giving rise to the claims described herein, including the work performed by Plaintiffs, and the underpayment of wages earned but unpaid, occurred within the Eastern District of California. Further, Defendants continue to perform substantial business operations within the Eastern District of California. Plaintiff is currently employed by Defendants and the performed work giving rise to

*Patel v. N C Lodging, et. al.*

the claims set forth in this action occurred within the Eastern District of California. The unlawful acts alleged herein have a direct effect on Plaintiff. Defendant N C LODGING, INC. is, at all times relevant hereto, a corporation existing and operating within the confines of the State of California, and BANKIM PATEL AND HEMMA PATEL, at all times relevant hereto, are natural persons residing in the State of California. All Defendants employ individuals to work within this state and this District, and thus are subject to the jurisdiction of the California courts by reason of "minimum contacts" in California and/or by purposeful availment of the California market for labor of the kind provided by Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California. Defendants maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the state of California and within this District.

## **FACTUAL ALLEGATIONS**

10.     Plaintiff is, and was, employed by the Defendants within the last four years. Plaintiff held the positions of day-to-day motel and front desk motel manager at Defendants' motel located in Anderson, California, in the County of Shasta pursuant to the specific guidelines, procedures, and protocols mandated by the Defendants.

11.     Plaintiff has at all times been an "employee" of Defendant within the meaning of 29 U.S.C. section 203(e)(1) within the last three years and, thus, is entitled to the rights, protections, and benefits provided under the FLSA.

12.     Plaintiff is non-exempt from overtime and has incurred significant overtime during the last four years in addition to an hourly wage below the Federal and State of California minimum wage thresholds.

13.     Plaintiff routinely works hours above the applicable FLSA threshold and in excess of his regularly scheduled hours, resulting in additional overtime pay obligations for the Defendants.

14.     At all times relevant hereto, Defendants willfully misclassified Plaintiff as an overtime-exempt employee when he is, in fact, non-exempt under both Federal and California law.

COMPLAINT                                                                                    *Patel v. N C Lodging, et. al.*

15.     Defendants did compensate Plaintiff on a "salary basis;" however, the salary was below the threshold for "exempt" employees and does not meet the requirements to be exempt from the FLSA's overtime compensation requirements and did not compensate Plaintiff for all hours worked.

16.     Defendants also illegally misclassified Plaintiff as an exempt employee under California law because Plaintiff did not earn a monthly salary equivalent to two times the state minimum wage for full-time employment pursuant to Labor Code 515(a) since he was paid less than the minimum wage.

17.     Plaintiff is also not exempt under the "business owner" exemption under the FLSA because he does not own at least a bona fide 20 percent equity interest in the motel corporation and he is not actively engaged in its management.

18.     Plaintiff's work duties also fail the "duties test" to qualify him under either Federal of California law as an exempt employee. Plaintiff did not exercise discretion and independent judgment, nor did he have special training, experience or knowledge for his job duties. His primary duties include non-managerial type services for N C LODGING including front desk duties including the check-in of guests, maintenance of the property, inspecting rooms, ordering supplies for the hotel, paying bills, and being available to take calls from the other employees at the property twenty-four (24) hours per day and seven (7) days per week because of questions and problems that arise at the motel.

19.     As a result of these unlawful misclassifications, Defendants have violated numerous provisions of the Fair Labor Standards Act ("FLSA"), the California Labor Code, and IWC Wage Order 5, including failure to compensate Plaintiff for all overtime hours worked despite the fact that Plaintiff regularly worked overtime, failure to pay a minimum wage for all hours worked, failure to provide or reimburse Plaintiff for meal time and rest periods, failure to timely pay all wages due and owing, and failure to furnish timely statements accurately showing, among other things, the total hours Plaintiff worked during each pay period. Plaintiff also alleges that these acts, which violate the California Labor Code and the FLSA, constitute predicated unlawful and unfair business

1    practices in violation of the California Unfair Business Practices Act.

2    20.     Defendants expected Plaintiff to be on call twenty-four (24) hours per day and seven (7)

3    days per week and to monitor his cell phone during all times in case of a motel emergency or other

4    situations that arise in the motel, yet Defendants never paid Plaintiff any overtime at any time

5    despite his work schedule in excess of 60 hours per week.

6    21.     The Fair Labor Standards Act of 1938, as amended, sections 201, et seq., provides for

7    minimum standards for overtime compensation and details administrative procedures by which

8    covered overtime work time must be compensated. The FLSA provides the Federal Courts with

9    substantial authority to redress labor abuses such as those at issue in this Complaint.

10   22.     At all times relevant hereto, the FLSA required Defendants to pay Plaintiff overtime

11   compensation for all hours he worked in excess of forty (40) hours in a workweek, at a rate of one

12   and one-half times his regular rate of pay.

13   23.     California's Labor Code and Industrial Welfare Commission Wage Orders provide

14   protection to hourly workers, including, but not necessarily limited to, timely and sufficient pay for

15   all hours worked and requirements for the maintenance of accurate employee records.

16   24.     Pursuant to Industrial Wage Commission Wage Order No. 5 section 3(A)(1), Plaintiff is

17   entitled to overtime compensation for all hours he worked in excess of eight (8) hours in a work

18   day, and/or forty (40) hours in a work week.

19   25.     Defendants knowingly and intentionally refused to compensate Plaintiff for any work he

20   performed in excess of eight (8) hours in a workday and/or forty (40) hours in a work week

21   including overtime wages of not less than one and one-half times the regular rate of pay for each

22   hour worked in excess of eight (8) hours in a day and/or forty (40) hours in a workweek.

23   26.     The FLSA also establishes a federal minimum wage in addition to overtime pay. The federal

24   minimum wage is $7.25 per hour, but where an employee such as Plaintiff herein is subject to both

25   state and federal minimum wage laws, the employee is entitled to the higher minimum wage.

26   27.     California Labor Code sections 1182.12 and 1197 and section 4(B) of Wage Order 5

27   mandate payment of the minimum wage to all employees within the state of California for all hours

28

COMPLAINT                                                                    *Patel v. N C Lodging, et. al.*

worked.

28.     Although the FLSA, provides for a minimum wage for non-exempt workers of not less than $7.25; under California law, the minimum hourly wage for employers with less than 26 employees as of January 1, 2017 was $10.00; as of January 1, 2018, it was $10.50; as of January 1, 2019 it was $11.00; as of January 1, 2020, it was $12.00, and as of January 1, 2021, it is $13.00.

29.     Defendants paid Plaintiff less than the Federal and California minimum wage. In 2018, 2019 and 2020, Plaintiff's hourly rate was $6.25. Plaintiff is entitled to the agreed upon rate for all hours worked in an amount to be determined.

30.     At all times relevant hereto, Defendants had a policy and/or practice of requiring, suffering, and permitting Plaintiffs to perform uncompensated work during his meal break and rest periods.

31.     Defendants required Plaintiff to work ten (10) hour days, which included one unpaid thirty (30) minute lunch period per day; however, during meal breaks, Plaintiff was required to monitor his radio and/or cell phone and respond to any calls for assistance and Plaintiff could be disciplined for failing to do so.

32.     California law also required Defendants to provide a meal period of not less than thirty (30) minutes every five (5) hours in which the employee must be relieved of all duty or the meal period shall be considered an "on duty" meal period and counted as time worked pursuant to Industrial Welfare Commission (hereinafter "IWC") Wage Order 5 section 11(A).

33.     IWC Wage Order 5 section 12(A) requires an employer to permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period and shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

34.     Defendants did not provide meal or rest periods to Plaintiff since Defendants required Plaintiff to remain subject to be on-call or to remain on duty which does not satisfy the rest break or meal time requirements. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 270.)

35.     California Labor Code section 226.7 and Wage Order 5 sections 11(B) and 12(B) direct an employer, who fails to provide meal and rest break periods pursuant to these requirements, to pay an

additional hour of pay at the employee's regular rate for each day that a meal or rest break is not provided in compliance with the law.

36.     Defendants' failure to pay the total hours worked by Plaintiff is a violation of California's minimum wage law. California Labor Code sections 221, 222, and 223 articulate the principal that all hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 323.) Therefore, Defendants must pay Plaintiff's contract and/or statutory rate for the hours he was on duty during these deficient meal periods.

37.     Plaintiff is informed and believes, and therefore alleges that at all times relevant hereto Defendants' conduct of not compensating Plaintiff for the duties performed during his meal and rest periods was willful and resulted in failure to pay all overtime.

38.     Plaintiff further alleges that Defendants knew or recklessly disregarded the requirements of the FLSA by not compensating Plaintiff for the hours worked during his meal periods, and therefore failing to pay overtime owed under the FLSA.

39.     As a result of Defendants' violations of the FLSA and California Labor Code, Plaintiff has suffered damages by being denied wages in an amount to be determined at trial, and is entitled to such wages, liquidated damages in an amount equal to the unpaid wages, prejudgment and post judgment interest, and reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

40.     Defendants' unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendants knew, or should have known, that the practices complained of herein were unlawful. Defendants knew Plaintiff routinely worked in excess of eight (8) hours in a workday and forty (40) hours in a work week and that Plaintiff was not paid for all hours worked.

41.     Defendants' violations of the FLSA have been willful; therefore, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. section 255(a).

42.     Defendant pays Plaintiff his wages on a semi-monthly basis; however, the wage statements do not include among other things, minimum wages or any overtime, meal period or rest period payments.

43.     Defendants also furnished wage statements to Plaintiff that did not list all hours worked.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Minimum Wage; Action for Liquidated Damages**
**Pursuant to 29 U.S.C. § 206 - FLSA**

44.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

45.     Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers pay all non-exempt employees such as Plaintiff, the prevailing minimum wages for all hours worked in an amount set by federal law.

46.     Section 218 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum. During the relevant time period the federal minimum wage was $7.25 and the State of California minimum hourly wage in 2017 was $10.00; in 2018 it was $10.50; in 2919 it was $11.00; in 2020 it was $12.00, and in 2021, it is $13.00.

47.     Plaintiff was not exempt from the requirement that Defendant pay him the prevailing minimum wage under the FLSA.

48.     During 2017 and 2018, Defendant did not pay Plaintiff any wages for months until during the latter part of 2018, Defendants paid Plaintiff an hourly wage of $6.25 which was below both the federal and state minimum wage.

49.     Plaintiff received an hourly wage of $6.25 in 2019 and 2020 until finally in 2021, Defendants started paying Plaintiff the hourly rate of $13.00.

50.     Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all his hours worked in violation of the FLSA.

51.     Due to Defendants' unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover his unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

///

COMPLAINT                                                                    *Patel v. N C Lodging, et. al.*

1
2

**SECOND CLAIM FOR RELIEF**
**Failure to Pay All Overtime Compensation Earned**
**[Fair Labor Standards Act; 29 U.S.C. § 207]**

3   52.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

4   53.     Defendants suffered and permitted Plaintiff to work overtime but failed to compensate him

5   for the work.

6   54.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits

7   provided under the FLSA, 29 U.S.C. § 201, *et seq*.

8   55.     Plaintiff does not meet the requirements to be exempt from the FLSA's overtime

9   compensation requirements. Despite this fact, he often worked over 40 hours a week, usually

10  working 60-hour weeks, and was not compensated for that overtime.

11  56.     During the times when Plaintiff has worked hours in excess of his regular schedule, he has

12  been entitled to overtime compensation at a rate of one and one-half times his regular rate of pay for

13  each additional hour or fraction thereof worked. 29 U.S.C. § 207; 29 C.F.R. § 553.230.

14  57.     At all times relevant hereto, Defendants knew or should have known of its obligations to

15  pay Plaintiff for all hours worked, and to pay Plaintiff overtime compensation at one and one-half

16  times his regular rate of pay for all hours worked in excess of the maximum weekly hours

17  established by 29 U.S.C. section 207 but Defendants have wrongly failed and refused to pay

18  Plaintiff any overtime compensation.

19  58.     At all times relevant hereto, Defendants' failure to fully compensate Plaintiff for all hours

20  worked was not in good faith, and was a willful violation of the FLSA.

21  59.     As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiff is entitled

22  to a three-year statute of limitations for backpay of earned but unpaid overtime and an equal amount

23  in liquidated damages.

24  60.     Plaintiff is also entitled to recover reasonable attorney fees and costs pursuant to 29

25  U.S.C. section 216(b).

26

27  ///

28

COMPLAINT                                                              *Patel v. N C Lodging, et. al.*

### THIRD CLAIM FOR RELIEF
**Failure to Pay Minimum Wages For All Hours Worked**
**[Cal. Labor Code §§ 1182.12, 1194.5, 1197, 1198; IWC Wage Order No. 5 § 4(B)]**

61.     Plaintiff incorporates by reference each and every paragraph above inclusive as though set forth fully herein.

62.     Pursuant to California Labor Code section 1198, it is unlawful to employ persons for longer than the hours set forth by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the applicable IWC Wage Orders.

63.     California Labor Code section 1197 requires that employees be paid a minimum wage. The current minimum wage in California pursuant to IWC Order 5-2001 section 4(A), (B) for employers with less than 25 employees is $14.00 per hour. From January 1, 2017, the minimum wage was $10.00 per hour; from January 1, 2018, it was $10.50 per hour; from January 1, 2019, it was $11.00 per hour; and from January 1, 2020, the minimum wage was $12.00 per hour.

64.     Defendants required Plaintiff to work off the clock, omitting time Plaintiff spent marketing the motel, bookkeeping and accounting tasks, supervising all employees 24 hours per day, 7 days per week, responding to emergency and other urgent calls 24 hours per day, 7 days per week from front desk staff; or monitoring the front desk duties himself, and monitoring his cell phone during all times in case of a motel emergency or other situations that arose in the motel. Such work amounted to an additional 20 hours per week beyond the 40-hour work week. Accordingly, Plaintiff was not paid at all for this time worked, and therefore worked at less than the minimum wage for this work.

65.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

66.     California Labor Code §§ 1182.12 and 1197, and IWC Wage Order 5 section 4(B), require employers to pay employees at least the state minimum wage for all hours worked.

67.     California law requires that when an employer directs, commands or restrains an employee and prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control this constitutes hours worked and that employee must be paid. (*Mendiola v. CPS Security Solutions* (2015) 60 Cal.4th 833.)

COMPLAINT                                                                 *Patel v. N C Lodging, et. al.*

68.     California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits. California Labor Code § 1194(a) provides that an employer that has failed to pay its employees their agreed upon rate or at least the legal minimum wage for all hours worked is liable to pay those employees the unpaid balance of the unpaid wages unpaid and interest thereon.

69.     Defendants followed and continue to follow a policy and practice of failing to pay Plaintiff his agreed upon rate or at least California minimum wage, for many hours worked by Plaintiff including but not limited to hours Defendants required Plaintiff to be on call and available by cell phone twenty-four (24) hours per day and seven (7) days per week.

70.     Defendants have committed and continue to commit the acts alleged herein knowingly and willfully.

71.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including but not limited to unpaid contract rate wages and/or minimum wages, and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 5 section 4(B).

72.     California Labor Code § 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

73.     Plaintiff is a current employee, for whom Defendants' failure to pay required agreed upon contract wages and/or minimum wages creates substantial hardship, is entitled to preliminary and permanent injunctive relief under the governing legal standards, and is entitled to an order requiring Defendants to compensate him for all hours worked.

**FOURTH CLAIM FOR RELIEF**
**Failure to Pay All Overtime Compensation Earned**
**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5 § 3(A)]**

74.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

75.     The California Labor Code and Wage Order 5 applied to Plaintiff's employment with Defendants at all times relevant herein.

76.     It is unlawful under California law for an employer to require, suffer or permit a non-exempt

employee to work in excess of eight hours per workday or 40 hours per workweek without paying premium wages at one and half times the employee's regular rate of under California Labor Code § 510 and IWC Wage Order 5 § 3(A).

77.     It is also unlawful under California law for an employer to require, suffer or permit a non-exempt employee to work in excess of twelve (12) hours per workday or beyond eight (8) hours on the seventh consecutive workday in the workweek without paying premium wages at double the employee's regular rate of under California Labor Code § 510 and IWC Wage Order 5 § 3(A).

78.     California law interprets the regular rate in the same manner as the FLSA. (*Huntington Memorial Hospital v. Superior Court* (2005) 131 Cal.App.4th 893, 902-903)

79.     California law requires that when an employer directs, commands or restrains an employee and prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control this constitutes hours worked and that employee must be paid. (*Mendiola v. CPS Security Solutions* (2015) 60 Cal.4th 833.)

80.     California Labor Code § 1198 prevents an employer from employing an individual for longer hours than the IWC sets or under conditions the IWC prohibits.  California Labor Code § 1194(a) entitles an employee to recover in a civil action the unpaid balance of all overtime compensation due but not paid.

81.     From August 2014 to the present, Plaintiff regularly worked over forty (40) hours per week and/or over eight (8) hours per day but was not paid for all the overtime hours worked at the overtime premium.

82.     Pay stubs indicate Defendants paid Plaintiff on a bi-weekly basis but failed to pay Plaintiff overtime, in violation of IWC Wage Order 5-2001 section 3(a) and section 7. Defendants further owe Plaintiff penalties in an amount to be determined according to proof.

83.     Pursuant to California Labor Code § 1194(a), Plaintiff is entitled to recover his unpaid overtime compensation, including interest thereon, in amounts to be proven at rial, as well as reasonable attorney's fees and costs.

///

COMPLAINT                                                                                     *Patel v. N C Lodging, et. al.*

**FIFTH CLAIM FOR RELIEF**

**Failure to Provide Required Meal & Rest Periods or Pay Missed Meal Period Wages [Cal. Labor Code §§226.7, 512, 1194.5, 1198; IWC Wage Order No. 5 § 11(A), (B) and § 12(A), (B)]**

84.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

85.   California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any meal period mandated by an applicable Industrial Wage Order. California Labor Code § 512 and IWC Wage Order 5 § 11(A) prohibits employers from employing a worker for more than five (5) hours without a meal period of at least thirty (30) minutes.  Further, California Labor Code § 512 prohibits employers from employing a worker for more than ten (10) hours without a second meal period of at least thirty (30) minutes. Under both California Labor Code § 226.7(b) and IWC Wage Order 5 § 11(B), if an employer fails to provide an employee a meal period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided as required.

86.   California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any rest break mandated by an applicable Industrial Wage Order. IWC Wage Order 5 § 12(A) requires employers to authorize and permit employees who work three and one half or more hours in a day to take a paid rest break of at least ten (10) minutes for every four (4) hours worked or major fraction thereof, which insofar as practicable shall be in the middle of each work period. Under both California Labor Code § 226.7(b) and IWC Wage Order 5 § 12(B), if an employer fails to provide an employee a rest break as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest break is not provided as required.

87.   The California Labor Code and IWC Wage Order 5 requires an employer to completely relieve employees from all duties during meal and rest periods.

88.   California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

89.   Defendants have had and continue to have a policy and practice of failing to provide Plaintiff full and timely meal periods required by California Labor Code §§ 226.7 and 512 and IWC Wage

*Patel v. N C Lodging, et. al.*

Order 5.

90.     Defendants have applied a policy and practice of requiring Plaintiff to remain subject to call because the nature of his work required constant monitoring of equipment or availability to do so for safety reasons in violation of California Labor Code §§ 226.7, 512 and IWC Wage Order No. 5 requirement that employees be completely relieved of any duty or employer control.

91.     Defendants have further violated and continue to violate California Labor Code §§ 226.7, 512 and IWC Wage Order No. 5 by having had and continuing to have a policy and practice of failing to pay Plaintiff who was not provided with a full and timely meal period or rest breaks an additional one hour of compensation at Plaintiff's regular rate of pay.

92.     Defendants have committed and continue to commit the acts alleged herein knowingly and willfully.

93.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including but not limited to unpaid meal and rest period premiums, lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 5.

94.     California Labor Code § 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

95.     Plaintiff is a current employee for whom Defendants' failure to pay required meal and rest break premiums and/or provide such as required by law creates substantial hardship, is entitled to preliminary and permanent injunctive relief under the governing legal standards, and is entitled to an order requiring Defendants to pay all premiums when due or provide meal and rest breaks that comply with the law.

**SIXTH CLAIM FOR RELIEF**
**Failure to Timely Pay Earned Wages**
**(Violation of California Labor Code §§ 204, 210)**

96.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

COMPLAINT                                                                                    *Patel v. N C Lodging, et. al.*

97.     At all times material hereto, Labor Code section 204(b)(1) has required employers to pay employees "all wages earned for labor in excess of the normal work period . . . no later than the payday for the next regular payroll period."

98.     Plaintiff was employed by Defendants and was entitled to receive full payment of all earned wages as set forth in Labor Code section 204.

99.     Defendant systematically failed and refused to provide Plaintiff with his earned wages within the time frames required under the Labor Code.

100.    In addition, Defendants have suffered and permitted Plaintiff to perform work off the clock without receiving payment for his time worked.

101.    As a direct result of Defendants' conduct as alleged herein, Plaintiff has suffered monetary damages and is entitled to recover a sum according to proof of all unpaid wages plus interest thereon.

102.    Plaintiff has retained the services of attorneys herein to maintain and prosecute this action, and Plaintiff is entitled to recovery of reasonable attorneys' fees and costs

## SEVENTH CLAIM FOR RELIEF
### Failure to Maintain Required Records
**[Cal. Labor Code §§226, 1174, 1194.5, 1198, 1198.5; IWC Wage Order No. 5 § 7(A) & (C)]**

103.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

104.    California Labor Code § 1174(c)-(d) requires employers to keep records at a central location in the State of California or at the establishments at which Plaintiff is employed, payroll records showing the hours worked daily and the wages paid to Plaintiff employed at the establishment.

105.    IWC Wage Order 5, section 7 (A)(3) and (5) further requires employers to keep time records showing when the employee begins and ends each work period and any meal periods. Employers must also record each employee's total hours worked and applicable rates of pay, and must make such information "readily available" to the employee upon request. All required records must be in the English language and in ink or other indelible form, properly dated, showing month, day, and year, and must be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California pursuant to IWC Wage Order 5, section 7(C). Under California Labor Code § 226(b), all required records must be available for inspection by an employee

16

1  upon reasonable request.

2  106.   California Labor Code §1198 makes unlawful the employment of an employee under

3  conditions the IWC prohibits.

4  107.   Pursuant to Defendants' unlawful policy and practice as alleged herein, Defendants have

5  willfully failed, and continue willfully to fail, to maintain accurate, complete, and readily available

6  records, in violation of California Labor Code § 1174 and IWC Wage Order 5.

7  108.   In addition, Defendants failed and continue to fail to maintain required records that accurately

8  reflect Plaintiff's regular rate for the purposes of determining overtime compensation.

9  109.   Plaintiff has suffered and will continue to suffer actual economic harm resulting from these

10  recordkeeping violations, as he has been, and will continue to be, precluded from accurately

11  monitoring the wages to which he is entitled, has been required to retain counsel and others to evaluate

12  and calculate unpaid wages, and has suffered delays in receiving the wages and interest that are due

13  and owing to him. Defendants' ongoing violations of these mandatory recordkeeping laws have

14  caused, and will continue to cause irreparable harm to Plaintiff, among other reasons because as long

15  as Defendants fail to maintain the required records, Plaintiff will be unable to determine the precise

16  amount of wages and penalties owed to him for the hours that Defendants have required, suffered or

17  permitted him to work.

18  110.   By willfully failing to maintain the records required by California Labor Code § 1174(c) or

19  the accurate and complete records required by section 1174(d), Defendants are also liable for a civil

20  penalty of five hundred dollars for each violation under section 1174.5.

21  **EIGHTH CLAIM FOR RELIEF**
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Labor Code §§ 204, 226, 226.3; IWC Wage Order No. 5]**

22

23  111.   Plaintiff, re-alleges and incorporates by reference all previous paragraphs.

24  112.   California Labor Code § 226(a) requires employers semimonthly or at the time of paying

25  wages to provide to their Plaintiffs detailed wage and hour information including but not limited to

26  (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision

27  (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on

28  a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the

employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

113.    California Labor Code § 226(e) provides that an employee who suffers injury as a result of a knowing and intentional failure by an employer to comply with section 226(a) may recover the greater of actual damages or the civil penalties designated by statute of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period up to an aggregate penalty of $4,000.  An employee is deemed to have suffered an injury if (1) the employer fails to provide a wage statement, (2) the employee cannot promptly and easily determine from the wage statement alone the items required by subsection (a), (3) an employer has aggregated deductions made from gross wages when not authorized by the employee, or (4) the employer fails to list their name and address.

114.    California Labor Code § 226.3 provides that any employer who violates section 226(a) shall further be subject to a civil penalty of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in section 226(a).

115.    California Labor Code § 1198 makes employment of an employee under conditions the IWC prohibits unlawful.

116.    Pursuant to Defendants' unlawful policies and practices alleged herein, Defendants have knowingly and intentionally failed to furnish Plaintiffs and Class members with the information required by California Labor Code § 226(a) and IWC Wage Order 5 in the time frame required, including failing to list Plaintiff's total hours worked for on call time 24/7.  Secondly, Defendants failed to furnish to Plaintiff all hours worked and all wages earned including overtime, contract/minimum wages, meal and rest period premiums for violations of said protections that were

18

not listed on his wage statements and would have to refer to other documents to determine the wages owed to him.

117.    This failure has injured, continues to injure, and was intended to injure Plaintiff by, among other things, forcing him to refer to other documents to determine total hours worked.

118.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and is entitled to recover such economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code §§ 226, 226.3 and IWC Wage Order 5.

119.    California Labor Code § 226(h) authorizes injunctions to ensure an employer's compliance with the requirements of section 226.

120.    Plaintiff is a current employee, for whom Defendants' failure to issue compliant wage statements creates substantial hardship, is entitled to preliminary and permanent injunctive relief under the governing legal standards, and are entitled to an order requiring Defendants to furnish itemized wage statements that comply with California Labor Code § 226.

### NINTH CAUSE OF ACTION
**California Labor Code Private Attorneys General Act**
**[Cal. Labor Code §2698 *et seq.*]**

121.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

122.    Under the California Labor Code Private Attorneys General Act, California Labor Code §§ 2698-99 ("PAGA"), any aggrieved employee may bring a representative action as a Private Attorney General on behalf of the general public, including all other aggrieved Plaintiffs, to recover civil penalties for their employers' violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the Labor Code, and must be allocated 75 percent to the State of California's Labor and Workforce Development Agency and 25 percent to the aggrieved worker, pursuant to California Labor Code § 2699.

123.    Based on the foregoing Defendants' employment of Plaintiff is unlawful under the California Labor Code, IWC Order 5 and actionable under PAGA.

124.    Plaintiff alleges, on behalf of himself, as well as the general public of the State of California, that Defendants have violated the following provisions of the California Labor Code and the following provisions of the IWC Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein: California Labor Code §§ 204, 210, 221, 222, 223, 226, 226.3, 226.7, 227.3, 432.5, 510, 512, 1174, 1182.12, 1194, 1194.5, 1197, 1198, 1198.5, and IWC Wage Order 5. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf, and on behalf of the general public.

125.    California Labor Code § 2699(a), which is part of PAGA, provides in pertinent part "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or Plaintiffs, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former Plaintiffs pursuant to the procedures specified in Section 2699.3."

126.    California Labor Code § 2699(f), which is part of PAGA, provides in pertinent part: For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: …

   "(2) If, at the time of the alleged violation, the person employs one or more Plaintiffs, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

127.    Plaintiff is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Defendants' violations of the California Labor Code and IWC Wage Orders for which violations of provides a civil penalty specified by law; and Plaintiff is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(f) for Defendants' violations of the California Labor Code and IWC Wage Orders for which violations thereof a civil penalty is not already specifically provided.

128.    Pursuant to the notice requirements of the California Private Attorneys General Act (Cal. Labor Code §§ 2698 *et. seq.*), Plaintiffs dispatched notice detailing the foregoing violations via certified mail

1   to the Defendants and the California Labor Workforce and Development Agency ('LWDA') on May

2   14, 2021.  The LWDA has not yet communicated their intent at this time to investigate the allegations

3   set forth in this notice and their opportunity to do so has not yet expired.

4   129.    Therefore, Plaintiff has complied with all of the requirements set forth in California Labor

5   Code § 2699.3 and is entitled to pursue a representative action under PAGA once the LWDA declines

6   to communicate its intent to investigate within the time frame provided by PAGA.

7   130.    Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil

8   penalties permitted by law for the violations of the California Labor Code and Wage Order 5 that are

9   alleged in this Complaint.

**TENTH CAUSE OF ACTION**
**(Unfair Business Practices)**
**[Cal Bus. & Prof. Code §§ 17200, *et seq*.]**

12  131.    Plaintiff incorporates by reference each and every paragraph above inclusive as though set

13  forth fully herein.

14  132.    California Business and Professions Code section 17200 prohibits unfair competition in the

15  form of any unlawful, unfair, or fraudulent business act or practice.

16  133.    Business and Professions Code section 17204 allows "any person who has suffered injury in

17  fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition

18  law.

19  134.    At all relevant times, Defendants has committed unlawful, unfair, and/or fraudulent business

20  acts and practices as defined by Business and Professions Code section 17200 by failing to pay

21  Plaintiff overtime, meal and rest time and minimum wages.

22  135.    The above-described conduct constitutes false, unfair, fraudulent, and/or deceptive business

23  practices, within the meaning of Business and Professions Code sections 17200, et seq.

24  136.    As a result of its unlawful acts, Defendants has reaped and continues to reap unfair benefits

25  and illegal profits at the expense of Plaintiff. Defendants should be enjoined from this activity, caused

26  to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution

27  to Plaintiff including, but not limited to, restitution of all unpaid wages, plus interest, as well as

28  attorney fees and costs.

### ELEVENTH CLAIM FOR RELIEF
**Declaratory Judgment**
**[28 U.S.C § 2201, Cal. Code of Civil Procedure §1060 et seq.]**

137.    Plaintiff, re-alleges and incorporates by reference all previous paragraphs.

138.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above under California law, for which Plaintiffs desire a declaration of rights and other relief available through this District Court's authority pursuant to 22 U.S.C. § 2201 and the California Declaratory Judgment Act, California Code of Civil Procedure §§ 1060 et seq.

139.    A declaratory judgment is necessary and proper in that Plaintiffs contend that Defendants have committed and continue to commit the violations set forth above and Defendants, on information and belief, will deny that they have done so and/or that they will continue to do so.

140.    An actual controversy exists between the Plaintiff and Defendants as to whether Plaintiff is exempt from overtime under California law;

141.    Plaintiff is entitled to a judicial determination that Defendants unlawfully misclassified him as exempt from the overtime protections of California law.

142.    An actual controversy exists between the Plaintiffs and Defendants as to whether Plaintiffs and Class members are exempt from overtime under California law.

143.    Plaintiffs are informed and believes Defendants contend that Plaintiff is exempt from overtime as a salaried employee.

144.    Plaintiff is entitled to a judicial determination that Defendants unlawfully misclassified him as exempt from the overtime protections of California law.

145.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants failed to pay all overtime compensation due to Plaintiff for the purposes of California Labor Code § 510.

146.    Plaintiff is informed and believes Defendants contend Plaintiff is not entitled to overtime compensation for the purposes of California Labor Code § 510.

147.    Plaintiff is entitled to a judicial determination that Defendants failed to pay all overtime

COMPLAINT                                                                    *Patel v. N C Lodging, et. al.*

1    compensation due to Plaintiff for the purposes of California Labor Code § 510.

2    148.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants failed

3    to promptly pay all wages when due to Plaintiff for the purposes of California Labor Code § 204.

4    149.    Plaintiff is informed and believes Defendants contend they promptly paid Plaintiff all wages

5    when due for the purposes of California Labor Code § 204.

6    150.    Plaintiff is entitled to a judicial determination that Defendants failed to promptly pay all wages

7    when due to Plaintiff for the purposes of California Labor Code § 204.

8    151.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants'

9    failure to promptly pay all wages to Plaintiff was willful and/or intentional for the purposes of

10   California Labor Code § 210.

11   152.    Plaintiff is informed and believes Defendants contend that they did not willfully or

12   intentionally fail to promptly pay all wages when due to Plaintiff.

13   153.    Plaintiff is entitled to a judicial determination that Defendants willfully and/or intentionally

14   failed to promptly pay all wages when due for the purposes of California Labor Code § 210.

15   154.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants

16   failed to provide meal periods to Plaintiff for the purposes of California Labor Code § 512.

17   155.    Plaintiff is informed and believes Defendants contend Plaintiff are not entitled to meal periods

18   and/or provided meal periods for the purposes of California Labor Code § 512.

19   156.    Plaintiff is entitled to a judicial determination that Defendants failed to provide meal periods

20   to Plaintiff for the purposes of California Labor Code § 512.

21   157.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants

22   failed to provide rest periods to Plaintiff for the purposes of California Labor Code § 226.7.

23   158.    Plaintiff is informed and believes Defendants contend Plaintiff is not entitled to rest periods

24   for the purposes of California Labor Code § 226.7.

25   159.    Plaintiff is entitled to a judicial determination that Defendants failed to provide rest periods

26   to Plaintiff for the purposes of California Labor Code § 226.7.

27   160.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants failed

28

COMPLAINT                                                                        *Patel v. N C Lodging, et. al.*

to pay Plaintiff for the all hours worked purposes of California Labor Code § 1182.12 and IWC Order 5.

161.    Plaintiff is informed and believes Defendants contend Plaintiff has been paid for all hours worked for the purposes of California Labor Code § 1182.12 and IWC Order 5.

162.    Plaintiff is entitled to a judicial determination that Defendants failed to pay Plaintiff for all hours worked for the purposes of California Labor Code § 1182.12 and IWC Order 5.

163.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants subjected Plaintiff to unlawful terms and conditions of employment for the purposes of California Labor Code § 432.5.

164.    Plaintiff is informed and believes Defendants contend it did not subject Plaintiff to unlawful terms and conditions of employment for the purposes of California Labor Code § 432.5.

165.    Plaintiff is entitled to a judicial determination that Defendants subjected Plaintiff to unlawful terms and conditions for the purposes of California Labor Code § 432.5.

166.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants violated California Labor Code § 1174 and IWC Wage Order No. 5, by failing to maintain and provide Plaintiff with access to complete and accurate records.

167.    Plaintiff is informed and believes Defendants contend they did not violate California Labor Code § 1174 and IWC Wage Order No. 5, by failing to maintain and provide Plaintiff with access to complete and accurate records.

168.    Plaintiffs are entitled to a judicial determination that Defendants violated California Labor Code § 1174 and IWC Wage Order No. 5, by failing to maintain and provide Plaintiff with access to complete and accurate records.

169.    An actual controversy exists between Plaintiff and Defendants as to whether Defendants violated California Business and Professions Code §§ 17200-08, through conduct as set forth in the foregoing paragraphs.

170.    Plaintiff is informed and believes Defendants contend they did not violate California Business and Professions Code §§ 17200-08, through their conduct as set forth in foregoing paragraphs.

COMPLAINT                                                                                    *Patel v. N C Lodging, et. al.*

171.    Plaintiff is entitled to a judicial determination that Defendants violated California Business and Professions Code §§ 17200-08, through conduct as set forth in foregoing paragraphs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sharad Patel prays for relief as follows:

1.    For recovery of all unpaid minimum wages, unpaid wages at the regular hourly rate, overtime and double-time compensation and interest thereon pursuant to California Labor Code §§ 510, 1194 and IWC Order 5;

2.    For recovery of unpaid overtime compensation and interest thereon plus an equal amount in liquidated damages for Plaintiff pursuant to 29 U.S.C. § 216(b);

3.    Backpay for all hours worked in excess of eight (8) hours in a day, and/or forty (40) hours in a workweek;

4.    For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore Plaintiff is entitled to recover damages under a three-year statute of limitations;

5.    An award of wages to Plaintiff at their agreed upon and/or statutory rate plus interest for Defendant's unilateral deduction of on duty meal periods from the total hours worked;

6.    For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable policies to clearly indicate that Plaintiffs will be compensated for on-duty meal periods;

7.    Recovery of all meal and rest period premiums pursuant to California Labor Code §§ 226.7, 512 and IWC Order 5;

8.    A declaratory Judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA and the California Labor Code;

9.    An award of damages and penalties for failure to timely pay wages to Plaintiff pursuant to California Labor Code sections 204, 210.

10.    Liquidated damages in an amount equal to minimum wages unlawfully unpaid;

11.    Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

COMPLAINT                                                                                      *Patel v. N C Lodging, et. al.*

12.     A temporary, preliminary, and permanent injunction requiring Defendants to provide current employee Plaintiff with the timely payment of wages in compliance with California Labor Code § 204;

13.     A temporary, preliminary, and permanent injunction requiring Defendants to provide Plaintiff all legally required meal and rest periods and to pay an additional hour's pay for everyday that a meal or rest period is missed, untimely, or shortened, or when Defendants do not completely relieve Plaintiff of all duties, and requiring Defendants to keep accurate track of the time Plaintiff is provided and receive meal periods;

14.     An award of damages and penalties for failure to pay full wages when due pursuant to California Labor Code § 225.5 subject to proof at trial;

15.     Punitive damages;

16.     An award of damages for injuries sustained from Defendants' imposition of unlawful terms and conditions of employment upon Plaintiff pursuant to California Labor Code § 432.5 subject to proof at trial;

17.     An award of restitution of all amounts owed in unpaid wages, overtime wages, contract rate/minimum wages, and interest thereon, in an amount according to proof at trial, pursuant to California Business and Professions Code § 17203;

18.     A permanent injunction prohibiting Defendants from violating the California Labor Code and IWC Wage Order 5 and committing unlawful and unfair business practices proscribed by California Business and Professions Code §§ 17200 *et seq*.;

19.     Disgorgement of profits and all other appropriate equitable relief authorized by California Business and Professions Code § 17203;

20.     An award of damages, statutory penalties, restitution and interest to be paid by Defendants according to proof;

21.     Prejudgment and post judgment interest on all sums awarded;

22.     Attorney fees and litigation expenses in an amount the Court determines to be reasonable,

23.     Appropriate equitable and injunctive relief to remedy Defendants' violations of the laws of

COMPLAINT                                                                 *Patel v. N C Lodging, et. al.*

California, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful policies and practices; and

24.     For declaratory relief that includes the following:

      a.   A judgment declaring that Defendant's requirement that Plaintiff remain on call during meal periods constitutes compensable time under the FLSA;

      b.   A judgment declaring that Defendant's failure to pay all overtime compensation due to Plaintiff under the FLSA was not in good faith entitling them to liquidated damages;

      c.   A judgment declaring that Defendant's failure to pay all overtime compensation due to Plaintiff under the FLSA was reckless and/or an intentional, knowing, constituting a willful violation;

      d.   A judgment that Defendant's unilateral deduction of hours worked for meal periods in which Plaintiff were not completely relieved of all duties constituted a violation of the FLSA and California's minimum wage law.

25.     Attorney fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. § 216(b), California Labor Code § 1194, and California Code of Civil Procedure § 1021.5, and such other provisions as may be applicable;

26.     Costs of suit;

27.     Such other and further relief as is equitable, just, and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable of right by jury.

Respectfully Submitted:

Dated: May 24, 2021                    **MASTAGNI HOLSTEDT, APC**

                                     *By: /s/ Cheryl Carlson*
                                     DAVID E. MASTAGNI, ESQ.
                                     TAYLOR DAVIES-MAHAFFEY, ESQ.
                                     CHERYL CARLSON, ESQ.
                                     Attorneys for Plaintiffs

COMPLAINT                                                                *Patel v. N C Lodging, et. al.*